**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Cal. Bar No. 226112)
Deepa Krishnan (Cal. Bar No. 228664)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kronenbergerlaw.com
deepa@kronenbergerlaw.com

Attorneys for Plaintiff
iCentric Corporation

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ICENTRIC CORPORATION,** a Nevada Corporation,<br><br>             Plaintiff,<br><br>     vs.<br><br>**DRUGTALK.COM**, an Internet domain name,<br><br>             Defendant. | Case No.<br><br>**COMPLAINT FOR CYBERSQUATTING *IN REM*** |

**COMPLAINT**

Plaintiff iCentric Corporation ("Plaintiff") through their attorneys, alleges as follows:

## INTRODUCTION

1.  Plaintiff brings this action to recover a domain name that an unknown party stole in order to trade off the good will that Plaintiff has generated for its "DRUGTALK" trademark (hereinafter, the "Mark").

2.  Plaintiff was the registrant of the domain name, DRUGTALK.COM (hereinafter, "Disputed Domain") from 2004 until March 25, 2008, when an unknown party gained unauthorized access to Plaintiff's account associated with the Disputed Domain, and transferred the Disputed Domain without Plaintiff's authorization or consent.

3.  Plaintiff has used the domain name DRUGTALK.COM in connection with an Internet website. Plaintiff engaged in continuous use of the DRUGTALK.COM website and the DRUGTALK trademark in United States commerce from 2004 through the date of the theft. Through Plaintiff's use of the domain name DRUGTALK.COM, the domain name has acquired secondary meaning, substantial goodwill, and common-law trademark rights.

## JURISDICTION AND VENUE

4.  This Court has *in rem* subject matter jurisdiction over the Disputed Domain pursuant to 28 U.S.C. §1338(a) and 15 U.S.C. §1125(d)(2), as the domain name constitutes personal property located[1] within the territorial jurisdiction of the United States and this District.

5.  Pursuant to 15 U.S.C. §1125(d)(2)(A)(ii)(I), the Court is not able to obtain personal jurisdiction over the current registrant of the domain name because the registrant, on information and belief, resides in the country of Belarus, and is not subject

---

[1] As noted in Paragraph 11 below, the registry, or database, that hosts and holds the DRUGTALK.COM registration is located on servers owned by Verisign, Inc., which is located in Mountain View, California in Santa Clara County.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

to the personal jurisdiction of this Court.  Accordingly, Plaintiff is entitled by statute to bring this *in rem* action.

6. Venue is proper in this judicial district pursuant to 15 U.S.C. §1125(d)(2)(A) because Verisign, Inc., the registry of the Disputed Domain, is located in this District. Verisign, Inc. is the official registry for all .com and .net domain names.

## INTRADISTRICT ASSIGNENT

7. For the purposes of Local Rule 3-2(c), this action arises in San Jose, where a substantial part of the events or omissions which give rise to the claims alleged herein occurred and in which a substantial part of the property that is the subject of this action is located.

## PARTIES

8. Plaintiff is a Nevada corporation with its principle offices located at 6601 Center Drive West, Suite 500, Los Angeles, California 90045.  Prior to the theft of the domain name DRUGTALK.COM in March 2008, Plaintiff was the registrant of the Disputed Domain.

9. The WHOIS records of the domain name registrar for the Disputed Domain show that the current registrant of DRUGTALK.COM is Drugtlk ("Drugtlk"), located at Varsyh 56-67, Minsk, 0000, Belarus.  The administrative contact at Drugtlk is Yury Risin, whose listed email address is newruss@gmail.com.  On information and belief, Yury Risin currently resides in the country of Belarus.

## DOMAIN NAME REGISTRAR AND REGISTRY

10. The domain name registrar for the Disputed Domain is GoDaddy.com, Inc., located in Scottsdale, Arizona.

COMPLAINT

11. The domain name registry for the Disputed Domain is Verisign, Inc., a Delaware corporation having its principal place of business in the District at 487 East Middlefield Road, Mountain View, California 94043.

## FACTS RELEVANT TO ALL CLAIMS

12. In 2004, Plaintiff registered the domain name DRUGTALK.COM and set up an Internet website at this domain name. Thereafter, Plaintiff began offering services under the DRUGTALK trademark and began providing an extensive archive of health-related discussion posts pertaining to specific drugs and medications on its DRUGTALK.COM website.

13. From its registration in March 2004, and until the Disputed Domain was misappropriated in 2008, Plaintiff continued to maintain an Internet website at DRUGTALK.COM visited by hundreds of thousands of Internet users each month.

14. Plaintiff used the domain name DRUGTALK.COM, and the trademark DRUGTALK, continuously from 2004 through the unauthorized transfer of DRUGTALK.COM on March 25, 2008.

15. On March 25, 2008 an unknown person unlawfully accessed Plaintiff's GoDaddy account for DRUGTALK.COM, and through Plaintiff's Internet Service Provider, authorized the transfer of DRUGTALK.COM, without Plaintiff's knowledge or consent.

16. Through this unlawful transfer the current registrant Drugtlk and/or Yury Risin obtained wrongful possession of the DRUGTALK.COM domain name.

17. On information and belief, Drugtlk intends to benefit financially from the stolen domain name, DRUGTALK.COM, and from the DRUGTALK trademark.

## CLAIM FOR RELIEF
**Cybersquatting Under Section 43(d) of The Lanham Act, 15 USC §1125(d)(2)(A)**

18. Plaintiff re-alleges and incorporates herein the above Paragraphs 1-17.

19. The actions as described above, including Drugtlk's unlawful misappropriation of the DRUGTALK.COM domain name, constitute use of Plaintiff's DRUGTALK trademark and name in violation of Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d)(2).

20. As a direct and proximate result of the actions, conduct, and practices of alleged above, including Drugtlk's misappropriation of the DRUGTALK.COM domain name, Plaintiff has been damaged and will continue to be damaged.

21. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays this Court enter judgment in its favor on the claims set forth above, and further prays an award to Plaintiff of:

1. A preliminary and permanent injunction and judgment ordering the transfer of the registration and control of the DRUGTALK.COM domain name to Plaintiff; and
2. Such further relief to which Plaintiff may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

Respectfully Submitted,

DATED: May 9, 2008

**KRONENBERGER BURGOYNE, LLP**

By: *Karl S. Kronenberger* (signature)

Karl S. Kronenberger
Attorneys for Plaintiff

**COMPLAINT**

**REQUEST FOR JURY TRIAL**

Plaintiff hereby demands a trial of this action by jury.

DATED: May 9, 2008

                                 **KRONENBERGER BURGOYNE, LLP**

                                 By: _____
                                      Karl S. Kronenberger
                                      Attorneys for Plaintiff

COMPLAINT